IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

UNITED STATES OF AMERICA )
) NO. 3:14-cr-00195
v. ) JUDGE RICHARDSON
)
BOBBY GENE ERVIN )

## MEMORANDUM OPINION & ORDER

Pending before the Court are Defendant's Motion for Status (Doc. No. 139) and Second Motion for Early Termination of Supervised Release (Doc. No. 135, "Second Motion"), which Second Motion incorporates Defendant's previous Motion for Early Termination of Supervised Release (Doc. No. 129, "First Motion").

The Court entered a Memorandum Opinion and Order (Doc. No. 134) denying the First Motion explaining its reasoning for its denial of the First Motion. But the Court will hereby grant the Second Motion.

The Government opposes Defendant's Second Motion by adopting and incorporating its response to Defendant's First Motion (Doc. No. 137, "Response"). Defendant filed a Reply to the Government's Response (Doc. No. 138, "Reply") arguing the same statements as were in the First Motion, only including the change as to the additional time that Defendant has spent on supervised release. (*Id.*).

### I. Background

On May 17, 2017, Defendant pled guilty to knowingly possessing a firearm, specifically, a DPMS model A-15, .223 caliber assault rifle, after having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and 924. (Doc. No. 1; Doc. No. 105). On October 17, 2017, the Court sentenced Defendant to a

term of ninety-six months' imprisonment and a 3-year term of supervised release. (Doc. No. 115). On June 5, 2023, the Bureau of Prisons released Defendant from custody, and he promptly began his term of supervised release. (Doc. No. 133 at 7). At the time of the filing of the Second Motion, Defendant had served approximately 24 months of the thirty-six months of supervised release ordered by the Court pursuant to his post-sentence conditions. Now, with the passage of some time, Defendant has served almost 35 months.

## II. Law and Analysis

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised release, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In addition to these factors, federal judicial policy requires that courts consider the

following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

In this case, upon the application of the § 3553 factors, and considering the views of Defendant's probation officer, the Court **GRANTS** Defendant's request for early termination of supervised release.

There are reasons that cut against granting this relief. For example, Defendant has not specified how remaining on supervised release will create any particular significant burden for him. The Court also notes Defendant's substantial criminal history and the fact that in this case his pretrial release was revoked due to a violation of his conditions of release (Doc. No. 77). Moreover, the Motion relies primarily on Defendant maintaining employment and having no supervised release violations. While commendable, these actions are no more than what are expected of someone on supervised release.

On the other hand, Defendant by now has served almost all of his term of supervised release, and as the months have gone on has continued to avoid any reported violations.

Therefore, the Court continues to view the thirty-six month term of supervised release as sufficient but not greater than necessary to comply with the purposes of sentencing, and at this time, finds that Defendant must continue to serve that term. In granting Defendant's Motion, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3553(a), but focuses extensively on the "the history and characteristics of the defendant," the need "to afford adequate deterrence to criminal conduct"; and the need "to protect the public from further crimes of the

defendant. Defendant's recent history has been commendable, and the Court concludes that not much additional deterrence or protection of the public would be fostered by requiring Defendant to complete his term of supervised release at this juncture (very late into his term of supervised release). To the contrary, by receiving (a small amount of) leniency for compliant conduct, Defendant may be encouraged and motivated to remain on the straight and narrow in the future.

**III. Conclusion**

For the reasons set forth above, Defendant's Motion for Status (Doc. No. 139) is **GRANTED**, and Defendant's Second Motion for Early Termination of Supervised Release (Doc. No. 135) is **GRANTED**. Defendant's term of supervised release is hereby terminated.

IT IS SO ORDERED.

_Eli Richardson_
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE